CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
MAY 29 2007
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| DEBORAH BARR-HAIRSTON, Petitioner, | Case No. 7:06CV00589 |
| | **MEMORANDUM OPINION** |
| v. | |
| | By: Jackson L. Kiser |
| | Senior United States District Judge |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Before me now is the Respondent's Response and Motion to Dismiss Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. # 2255. For the reasons stated herein, I will **GRANT** the Respondent's Motion to Dismiss. The case will be **DISMISSED** from the docket of the Court.

**I.     STATEMENT OF THE CASE AND PROCEDURAL BACKGROUND**

On May 3, 2005, a jury convicted the Petitioner, Deborah Barr-Hairston, on eight counts of Disposing of a Firearm to a Prohibited Person, in violation of 18 U.S.C. § 922 (2000 & Supp. 2007); eight counts of Providing Materially False Information on a Firearms Transaction Form, in violation of 18 U.S.C. § 924(a) (Supp. 2007); and one count of Conspiracy to Defraud the United States, in violation of 18 U.S.C. § 371 (2000). Disposing of a Firearm to a Prohibited

1

Person carries a penalty of zero to ten years per count, and the other charges Barr-Hairston faced each carry a penalty of zero to five years per count.

At the trial, the government accused Barr-Hairston of intentionally providing nine guns to her husband, whom she knew could not legally possess firearms because he was a convicted felon. Barr-Hairston testified that she purchased the guns for self defense, not for her husband. She claimed that she intended to have enough guns stowed around her house to allow easy access to a firearm in the event an intruder invaded her home. She planned to keep nine firearms in her house despite the fact that she had four children, between the ages of three and seven, who lived with her.

On cross examination, Barr-Hairston confessed that she did not know whether any of the firearms had safeties, whether any of the firearms had internal or external hammers, or how many bullets the magazines for each gun could carry. Although she claimed that she meant to acquire firearms training, she admitted that she had failed to do so during the eighteen months between the time she purchased the first and last of the guns. She could not recall the name of the business where she hoped to receive this training.

On October 4, 2005, I sentenced Barr-Hairston to concurrent sixty month sentences on each count. I enhanced her sentence after finding that she perjured herself during the trial. She did not appeal the sentence. Nonetheless, she filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. # 2255 on October 2, 2006. The government filed a Response and Motion to Dismiss on February 16, 2007, and Barr-Hairston filed a traverse to the government's response on March 23, 2007. Therefore, the issues before me are fully briefed and ripe for decision.

## II. LEGAL STANDARD

Dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure is limited to "the extraordinary case where the pleader makes allegations that show on the face of the complaint some insuperable bar to relief."[1] *Browning v. Vecellio & Grogan, Inc.*, 945 F. Supp. 930, 931 (W.D.Va. 1996) (internal quotation omitted). When considering a motion to dismiss, the "court should accept as true all well-pleaded allegations" and construe those allegations in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). While the complaint need not provide detailed factual allegations, the basis for relief in the complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). Assuming the factual allegations in the complaint are true, they "must be enough raise a right to relief above the speculative level." *Id.*

## III. DISCUSSION

Barr-Hairston claims that I violated the constitutional rule announced in the United States Supreme Court decisions of *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005) when I enhanced her sentence based on my finding that she committed perjury at the trial. "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at 244. Because the jury did not find that she perjured herself at trial

---

[1] With some exceptions, the Federal Rules of Civil Procedure apply to proceedings filed under 28 U.S.C. § 2255. Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 12 (2006).

3

and she did not admit that she lied, she contends that I violated *Booker* when I relied upon my own determination of perjury to impose a two level enhancement.

Barr-Hairston only states only one half of the holding in *Booker*. The Court in *Booker* also severed "the provision of the federal sentencing statute that makes the Guidelines mandatory." *Id.* at 245. Thereafter, and at the time I imposed sentence, the Guidelines were merely advisory as opposed to mandatory. *Id.* Consequently, the maximum sentence to which I could have sentence Barr-Hairston based on the jury's verdict was the statutory maximum, not the high end of the guidelines, provided that the sentence was reasonable. *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). As a result, I could constitutionally rely on judicial fact finding in setting Barr-Hairston's sentence because those findings would not enhance the maximum sentence available under the jury's verdict. *United States v. Guyon*, 474 F.3d 114, 117 & n.2 (4th Cir. 2006). None of her sentences exceed the statutory maximum. Thus, Barr-Hairston's sentences do not violate *Booker* or *Blakely*.

A brief explanation of the constitutional rule upon which *Booker* rests might clarify my holding. In *Apprendi v. New Jersey*, the Supreme Court held, " '[I]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed.' " *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (*quoting Jones v. United States*, 526 U.S. 227, 252–253 (1999) (Stevens, J., concurring)) (alteration in original). In light of that constitutional holding, the Court determined that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.*

In *Blakely*, the Court considered whether a Washington State judge violated *Apprendi* by imposing a sentence three years greater than the high end of the applicable guideline range under the mandatory state guidelines. *Blakely*, 542 U.S. at 303–04. The judge enhanced the sentence after finding that the defendant acted with "deliberate cruelty." *Id.* at 303. That finding was neither admitted by the defendant nor found by a jury. *Id.* Although the sentence fell within the statutory maximum, the Court found that the maximum for *Apprendi* purposes was the greatest amount of time to which a judge could sentence a defendant under the guidelines based upon the facts found by the jury and admitted by the defendant. *Id.* at 303–04. Because the judge could not have sentenced the defendant above the high end of the guidelines without making the additional finding of "deliberate cruelty," the sentence violated *Apprendi*. *Id.*

Finally, in *Booker*, the Court applied its reasoning in *Blakely* to a case that arose under the Federal Sentencing Guidelines. The Court noted that the guidelines, like the guidelines at issue in *Blakely*, were mandatory. *Booker*, 543 U.S. at 233. In *Booker*, the trial judge increased the defendant's sentence based upon a judicial finding that the defendant had 566 grams of crack cocaine in addition to the 92.5 grams of crack cocaine found by the jury. *Id.* at 235. As a result, the defendant's ultimate sentence exceeded the high end of the guideline range based on the jury's verdict by nearly ten years. *Id.* Thus, the Court found that the Federal Sentencing Guidelines were unconstitutional to the extent they allowed a judge to rely on judicial fact finding to enhance a sentence beyond the maximum to which the judge could sentence a defendant based on a jury's verdict or admitted facts. *Id.* at 245.

By severing the portions of the statute that made the guidelines mandatory, the Court allowed a trial judge to rely constitutionally on judicial fact finding when setting sentences. *Id.*

Because the guidelines are no longer mandatory, the maximum sentence to which a defendant may be sentenced, based on the jury's verdict and his or her admissions, is not the high end of the guidelines but rather the statutory maximum. Thus, a judge may rely on his or her own factual findings to fix a sentence somewhere in the range of penalties authorized by statute without violating *Apprendi*. *Id.* at 233.

Next, Barr-Hairston argues that I erred in failing to grant a downward departure on her sentence for duress, under Federal Sentencing Guideline § 5K2.12, and other mitigating circumstances, namely her rehabilitative efforts while incarcerated, under Federal Sentencing Guideline § 5K2.0. In the Fourth Circuit "a refusal to depart downward [is] not appealable by the defendant unless it is the result of the 'court's mistaken view that it lacked the authority to depart.' " *United States v. Diegert*, 916 F.2d 916, 918 (4th Cir. 1990) (*quoting United States v. Bayerle*, 898 F.2d 28, 31 (4th Cir. 1990)). In this case, Barr-Hairston has not pointed to any evidence or statement that indicates that I mistakenly believed that I could not depart on the grounds she suggests. Consequently, I find these claims meritless.

Finally, for the first time in her traverse, Barr-Hairston claims that her counsel rendered ineffective assistance by failing to argue for an alternate sentence based on her lack of a criminal history, her medical degree, and the non-violent nature of her offenses. She contends that Public Law 98-473, section 239, codified as a note to 18 U.S.C. § 3551 (2000) entitled "Sentencing of Nonviolent and Nonserious Offenders; Sense of Congress" ("Sense of Congress"), permitted me to craft an alternative sentence in her case, such as restitution or community service. Moreover, she claims that I erred by not stating on the record my reasons for declining to impose an alternate sentence.

The Sense of Congress reads,

> Since, due to an impending crisis in prison overcrowding, available Federal prison space must be treated as a scarce resource in the sentencing of criminal defendants;
>
> Since, sentencing decisions should be designed to ensure that prison resources are, first and foremost, reserved for those violent and serious criminal offenders who pose the most dangerous threat to society;
>
> Since, in cases of nonviolent and nonserious offenders, the interests of society as a whole as well as individual victims of crime can continue to be served through the imposition of alternative sentences, such as restitution and community service;
>
> Since, in the two years preceding the enactment of sentencing guidelines, Federal sentencing practice should ensure that scarce prison resources are available to house violent and serious criminal offenders by the increased use of restitution, community service, and other alternative sentences in cases of nonviolent and nonserious offenders: Now, therefore, be it
>
> Declared, That it is the sense of the Senate that in the two years preceding the enactment of the sentencing guidelines, Federal judges, in determining the particular sentence to be imposed, consider—
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the general appropriateness of imposing a sentence other than imprisonment in cases in which the defendant has not been convicted of a crime of violence or otherwise serious offense; and
>
> (3) the general appropriateness of imposing a sentence of imprisonment in cases in which the defendant has been convicted of a crime of violence or otherwise serious offense.

Sentencing of Nonviolent and Nonserious Offenders; Sense of Congress, Pub L. No. 98-473, § 239.

This argument is essentially a new claim. Consequently, I must decide whether I should decline to consider the claim because Barr-Hairston failed to raise it in her original pleading or consider it as a motion to amend her pleading. Many courts have expressed a willingness to considered new arguments raised in responses or replies as motions to amend pleadings when

7

appropriate. *Gonzalez-Perez v. Hospital Interamericano de Medicina Avanzada*, 355 F.3d 1, 5 n.6 (1st Cir. 2004); *Willis v. Collins*, 989 F.2d 187, 189 (5th Cir. 1993); *Calderon v. Kansas Dep't of Schools & Rehab. Servs.*, 181 F.3d 1180, 1186–87 (10th Cir. 1999). In light of the Fourth Circuit's requirement that trial courts construe *pro se* submissions liberally, I believe that I should consider the traverse a motion to amend. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006).[2]

Under Rule 4 of the Rules Governing § 2255 Cases, I must dismiss a claim from which it "plainly appears" that "the moving party is not entitled to relief." The claims Barr-Hairston first raised in her traverse appear to be such claims. First, I do not believe that her counsel performed deficiently in failing to make an argument under the Sense of Congress provision. As Barr-Hairston notes, to prove ineffective assistance of counsel, she must demonstrate that her trial counsel's performance was unreasonable in that it fell below prevailing professional norms and "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).

Barr-Hairston cannot make either showing. Under the very terms of the Sense of Congress, it applies to "the two years preceding the enactment of the sentencing guidelines."

---

[2]In the Fourth Circuit, a petitioner may amend a § 2255 petition. If the amendment is filed more than one year after the conviction became final, then the claim in that amendment would normally be time barred. 28 U.S.C. § 2255 (2006). In this case, Barr-Hairston clearly filed her traverse more than a year after her conviction became final. Nonetheless, if the claim "arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading," then the new claim will relate back to the time of filing and the court will consider it timely. *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (*citing* FED. R. CIV. P. 15(c)). Because I find that Barr-Hairston's new claims are without merit, I need not consider if they are also time barred.

8

Sentencing of Nonviolent and Nonserious Offenders; Sense of Congress, Pub L. No. 98-473, § 239. Because the sentencing at issue in this case occurred long after the sentencing guidelines were enacted, this provision had no application to this case. Consequently, I find that counsel did not perform ineffectively by failing to call my attention to the Sense of Congress. For the same reason, I do not find that there is a reasonable probability that I would have been swayed by this piece of legislation even if counsel had made the arguments Barr-Hairston suggests were proper.

Additionally, I did not err by failing to state on the record the reasons why I did not sentence Barr-Hairston to an alternate sentence. First, the "Sense of Congress" only indicates that I should have considered the enumerated factors. The statement does not require me to place my evaluation of those factors on the record. Second, as already stated above, the "Sense of Congress" did not apply to the sentencing at issue in this case by its very terms. Consequently, I find that both of Barr-Hairston's claims based on the "Sense of Congress" are without merit and should be dismissed.

## IV. CONCLUSION

For the reasons stated above, I will **GRANT** the Respondent's Motion to Dismiss.

The Clerk is directed to send a certified copy of this Memorandum Opinion and the attached Order to all counsel of record. The case will be **DISMISSED** from the docket of the Court.

ENTERED this 29th day of May, 2007.

Senior United States District Judge

9

Case 7:06-cv-00589-JLK-mfu   Document 10   Filed 05/29/07   Page 9 of 9   Pageid#: 68